UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

Eastern District of Kentucky
F I L E D
JUN 15 2021
AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

| | |
|---|---|
| ANTONIO W. SMITH, <br> Petitioner, <br><br> V. <br><br> WARDEN GOMEZ, <br> Respondent. | Civil Action No. 6:21-cv-20-KKC <br><br><br> **MEMORANDUM OPINION** <br> **AND ORDER** |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Antonio Smith, proceeding without counsel, seeks to challenge his 2004 federal sentence via a 28 U.S.C. § 2241 petition. [R. 1.] Smith's petition has now been fully briefed and is ripe for the Court's review. [*See* R. 10; R. 19.] For the reasons that follow, the Court will **DISMISS** Smith's petition for lack of jurisdiction.

In 2003, Smith pled guilty to bank robbery and firearms offenses in the Southern District of Georgia. At sentencing, the court classified Smith as a career offender under United States Sentencing Guideline §4B1.1 based on four prior Connecticut convictions. *See United States v. Smith,* et al., Case No. 3:03-cr-11-DHB-1 (S.D. Ga. 2003). Smith did not appeal, but he later filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. That petition, as well as Smith's attempts to file successive § 2255 motions, were all denied by the trial court and Eleventh Circuit Court of Appeals. [*See* R. 10 at 2-4 (summarizing procedural history).]

Most recently, Smith filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the Western District of Virginia. In that petition, Smith relied on *United States v. Savage,* 542 F.3d 959 (2d Cir. 2008), to claim that his Connecticut convictions are no longer valid predicate

offenses. Smith also relied on *Taylor v. United States*, 495 U.S. 575 (1990); *Descamps v. United States*, 570 U.S. 254 (2013); and *Mathis v. United States*, 136 S. Ct. 2243 (2016). However, the Western District of Virginia denied the petition, and the Fourth Circuit Court of Appeals affirmed. *See Smith v. Brecken*, 818 F. App'x 245, 246 (4th Cir. 2020).

In the present case, Smith again relies on *Descamps*, claims that the predicate offenses used to enhance his sentence are "categorically broader than their generic federal counterparts," and argues the "least culpable act found in [his] priors . . . are categorically overbroad." [R. 1 at 6-7.] In response, the Warden contends Smith may not bring this challenge in a § 2241 petition before this Court.

Federal prisoners typically challenge the validity of their federal convictions under 28 U.S.C. § 2255, whereas petitions brought under § 2241 are usually limited to claims challenging the manner or execution of an individual's sentence. *Hill v. Masters*, 836 F.3d 591, 594 (6th Cir. 2016). In very limited circumstances, a federal prisoner can use § 2241 to challenge the conviction or imposition of his sentence. But this so-called "saving clause" presents a high hurdle for petitioners. Notably, a petitioner cannot bring a § 2241 petition as an alternate or additional remedy to the one available under § 2255. *See* 28 U.S.C. § 2255(e); *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001). And "[a] district court has no jurisdiction over an application for habeas under section 2241 if the petitioner could seek relief under section 2255 and either has not done so or has done so unsuccessfully. The only escape route is the saving clause." *Taylor v. Owens*, 990 F.3d 493, 499 (6th Cir. 2021).

Until recently, claims alleging actual innocence of a sentence enhancement could not be raised under § 2241 at all. *See, e.g., Jones v. Castillo*, 489 F. App'x 864, 866 (6th Cir. 2012). But *Hill v. Masters* allowed a petitioner to challenge his misapplied sentence where he could show "(1)

2

a case of statutory interpretation, (2) that is retroactive and could not have been invoked in the initial § 2255 motion, and (3) that the misapplied sentence presents an error sufficiently grave to be deemed a miscarriage of justice or fundamental defect." *See Hill*, 836 F.3d at 595 (citing *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013)). As the Warden points out and Sixth Circuit case law confirms, Smith's claims in this case do not fit within this extraordinarily narrow framework.

First, Smith does not adequately explain why he could not raise the argument presented in this petition in his initial or subsequent habeas filings. Put another way, Smith fails to demonstrate that he had "no prior reasonable opportunity to bring his argument for relief." *Wright v. Spaulding*, 939 F.3d 695, 705 (6th Cir. 2019). Although Smith asserts his claims are based on *Descamps*, his arguments in fact rely on a straight application of the categorical approach as articulated by the United States Supreme Court in *Taylor*. *See Taylor*, 495 U.S. 575; *Wright*, 939 F.3d at 705-06 (describing content of *Taylor* and *Mathis*). Smith was sentenced in 2004, but the Supreme Court decided *Taylor* in 1990.

Smith contends that if he raised his overbreadth argument before *Descamps* was decided, it would have surely been denied. Smith further argues that *Descamps* indisputably clarified *Taylor* so as to create a new claim for him now. [R. 19 at 5-6.] These arguments are unavailing in light of Sixth Circuit precedent. The appellate court has made clear that it does not matter that *Descamps* clarified *Taylor* or that *Descamps* applied the categorical approach in its holding. What does matter is that *Descamps* did not invent the categorical approach in the first instance. *See Wright*, 939 F.3d at 705-06.

Ultimately, "a claim for habeas relief is more than the talismanic force of a new case name. A new case matters only, if at all, because of the *new legal arguments* it makes available." *Id.* at 705 (emphasis in original). Since neither *Descamps* nor *Mathis* actually created a new legal

3

argument, neither case represents a "subsequent, retroactive change in statutory interpretation by the Supreme Court [which] reveals that a previous conviction is not a predicate offense for a career-offender enhancement." *See Hill*, 836 F.3d at 600. Smith thus fails to pass through the saving clause.

Further, this Court need not consider anew Smith's arguments that his Connecticut first-degree assault, first-degree armed robbery, and controlled substance convictions no longer qualify as crimes of violence. Smith already presented those arguments to the Western District of Virginia, just to no avail. According to 28 U.S.C. § 2244,

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

28 U.S.C. § 2244(a); *see also McClesky v. Zant*, 499 U.S. 467, 483-84 (1991) (holding that where the claims asserted in a habeas corpus petition have previously been determined by another court, the district court may dismiss the petition as an abuse of the writ); *Dietz v. U.S. Parole Comm'n*, 260 F. App'x 763, 765 (6th Cir. 2008) ("Although habeas corpus petitions filed pursuant to § 2241 are not subject to the strict bars on second and successive petitions imposed on 28 U.S.C. § 2255 habeas petitions, courts may decline to address claims brought repeatedly.").

It is clear that Smith has not established that the saving clause applies to his claims. And in any event, the Western District of Virginia already "heard and decided" Smith's arguments regarding his predicates. *Dietz*, 260 F. App'x at 765 (citing *Sanders v. United States*, 373 U.S. 1, 12 (1963)); *see also Smith v. Brecken*, Case No. 7-19-cv-00016, 2020 WL 1236313, at *7-12 (W.D. Va. March 13, 2020) (providing lengthy analysis of Smith's predicate offenses); *aff'd Smith v.*

4

*Brecken*, 818 F. App'x 245 (4th Cir. 2020). This Court ultimately lacks subject-matter jurisdiction, *see Owens*, 990 F.3d at 499, and therefore will not reanalyze the merits of Smith's claims.

For these reasons, the Court hereby **ORDERS** as follows:

1. Smith's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DISMISSED** for lack of jurisdiction;

2. All pending motions are **DENIED** as moot;

3. Judgment will be entered contemporaneously herewith; and

4. This case is **CLOSED** and **STRICKEN** from the Court's docket.

Dated June 15, 2021.



Signed By:
Karen K. Caldwell
United States District Judge